

# In the
# Court of Appeals
# Second Appellate District of Texas
# at Fort Worth

———————————————————

No. 02-19-00350-CR

———————————————————

JAMAL J. TINSLEY, Appellant

V.

THE STATE OF TEXAS

On Appeal from Criminal District Court No. 1
Tarrant County, Texas
Trial Court No. 1433671D

Before Sudderth, C.J.; Womack and Wallach, JJ.
Memorandum Opinion by Justice Womack

# MEMORANDUM OPINION

On August 19, 2019, Jamal J. Tinsley filed a notice of appeal from the trial court's judgment adjudicating him guilty of second-degree assault of a family member. After Tinsley failed to timely file his brief, we notified his counsel that if we did not receive Tinsley's brief by February 3, 2020, we would abate this case for a hearing in the trial court to determine whether Tinsley wanted to proceed with this appeal. We did not receive a brief by February 3, so we abated this appeal and remanded this case to the trial court for a hearing.

The trial court conducted the hearing on March 9, and Tinsley attended, as did his counsel. The following exchange occurred during that hearing:

> THE COURT: And you may be seated.
>
> And the purpose of this hearing is to have an [a]batement [h]earing as ordered by the Second Court of Appeals to determine whether the appellant desires to prosecute the appeal.
>
> And, [counsel], have you discussed those issues with your client?
>
> [Counsel]: I have, Your Honor.
>
> THE COURT: And would you like to make a statement on the record?
>
> [Counsel]: Yes, Your Honor. After consideration, my client has mentioned that he does want to dismiss the notice of appeal and complete his sentence that was ordered by this Court on August 19th, 2019. We have a motion to dis[]miss notice of appeal, Your Honor, that has been signed and verified by my client that we will file with the Second Court of Appeals today by eFile, Your Honor.
>
> THE COURT: And, Mr. Tinsley, is that correct, that it is your desire to not prosecute your appeal?

[Tinsley]:  Yes, ma'am.

THE COURT:  And so the Court makes a finding that the appellant desires to not prosecute the appeal.

After we received the record from the abatement hearing, we reinstated this appeal.

Although Tinsley's counsel indicated that he would file in this court a motion to dismiss Tinsley's appeal the same day as the trial court's abatement hearing, no such motion has been filed to date.  Nevertheless, in view of Tinsley's statement on the record that he no longer desires to prosecute this appeal and the trial court's finding that Tinsley no longer wishes to prosecute this appeal, on our own motion, we conclude that good cause exists to suspend the requirements of Rule 42.2(a), and we dismiss this appeal.  *See* Tex. R. App. P. 2 (providing that on its own initiative, an appellate court generally may—to expedite a decision or for other good cause—suspend a rule's operation in a particular case and order a different procedure); *Detwiler v. State*, No. 02-18-00457-CR, 2019 WL 984179, at *1 (Tex. App.—Fort Worth Feb. 28, 2019, no pet.) (mem. op., not designated for publication) (suspending Rule 42.2(a) and dismissing appellant's appeal based on appellant's statement at abatement hearing that he no longer wanted to prosecute his appeal).

/s/ Dana Womack

Dana Womack
Justice

Do Not Publish
Tex. R. App. P. 47.2(b)

Delivered:  April 2, 2020